UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CHARLES HARTSELL, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:20-CV-588 |
| | ) | |
| KIANA DIETZ, TIMOTHY LECHLITNER, | ) | |
| MATTHEW MYERS, and JOHN DOE I | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants, Kiana Dietz ("Dietz"), Timothy Lechlitner ("Lechlitner"), and Matthew Myers ("Myers"), by counsel, and for answer to Plaintiff's First Amended Complaint [Doc. 19], state:

1.     When a prison or jail official knows about, but disregards, a serious risk to an inmate's safety, that official violates the inmate's rights under the United States Constitution. This constitutional rule makes sense. Correctional facilities are dangerous and inmates often lack the means to protect themselves. They must instead rely on institutional practices and staff to keep them safe.

**ANSWER:   This paragraph makes no claims against Defendants and requires no response.**

2.     One of the most well-known dangers in prisons and jails is gang violence. Most, perhaps all, prisons and jails track their inmates' gang affiliations

Defendants' Answer and Affirmative Defenses

*Hartsell v. Dietz, et al*
Case No. 3:20-CV-588
Page 2 of 22

so that they can separate inmates who, because of those affiliations, might try to hurt each other. This gang aspect of inmate classification is Prison 101.

**ANSWER: This paragraph makes no claims against Defendants and requires no response.**

3. But here it was disregarded. Charles Hartsell Jr. was a member of the Aryan Brotherhood. After his arrest, Charles Hartsell Jr. agreed to assist prosecutors by testifying against other members of the Aryan Brotherhood. He did so at great personal risk. But as an inmate, he had to trust jail staff to protect him.

**ANSWER: Defendants are without knowledge to admit or deny the allegations in this paragraph.**

4. They did not.

**ANSWER: Defendants deny the allegations in this paragraph.**

5. Plaintiff Charles Hartsell Jr. is man currently incarcerated in Illinois.

**ANSWER: Defendants are without knowledge to either admit or deny the allegations in this paragraph.**

6. Defendant Kiana Dietz is a woman and classification officer at the Elkhart County Jail in Indiana.

**ANSWER: Defendants admit the allegations in this paragraph.**

7. Defendant Timothy Lechlitner is a classification officer at the Elkhart County Jail in Indiana.

**ANSWER: Defendants admit the allegations in this paragraph.**

8.     Defendant Matthew Myers is a sergeant at the Elkhart County Jail in Indiana.

**ANSWER:   Defendants admit the allegations in this paragraph.**

9.     Defendant John Doe I is a correctional officer at the Elkhart County Jail in Indiana.

**ANSWER:   Defendants are without knowledge to either admit or deny the allegations in this paragraph.**

10.     The Court has subject-matter jurisdiction over all the claims under 28 U.S.C. §1331.

**ANSWER:   Defendants admit the allegations in this paragraph.**

11.     Venue is proper because the events giving rise to all claims occurred in this judicial district and all defendants reside here.

**ANSWER:   Defendants admit the allegations in this paragraph.**

12.     In early November 2019, Charles Hartsell Jr. was a federal detainee housed in St. Joseph County Jail for his protection and in anticipation of him giving testimony against a member of the Aryan Brotherhood.

**ANSWER:   Defendants are without knowledge to either admit or deny the allegations in this paragraph.**

13.     The United States Marshals Service decided to transfer Hartsell from St. Joseph County Jail to Elkhart County Jail.

**ANSWER: Defendants admit that on November 29, 2019, the U.S. Marshal Service transferred Hartsell from the St. Joseph County Jail to the Elkhart County Corrections Facility ("ECCF").**

14. Hartsell arrived at Elkhart in late November.

**ANSWER: Defendants admit that Hartsell was booked into the ECCF on November 29, 2019.**

15. On arrival, he spoke to an intake officer.

**ANSWER: Defendants admit the allegations in this paragraph.**

16. Hartsell told the intake office that he was going to testify against the Aryan Brotherhood and therefore needed to be separated from detainees affiliated with the gang.

**ANSWER: Defendants deny the allegations in this paragraph.**

17. The intake officer assigned Hartsell to a single, isolation cell.

**ANSWER: Defendants admit that Hartsell was housed alone in a cell from November 29, 2019 to December 2, 2019. Defendants deny the remaining allegations of this paragraph.**

18. A few days later, Hartsell spoke to classification officer K. Dietz.

**ANSWER: Defendants admit that Officer Dietz interviewed Hartsell for classification purposes on December 2, 2019.**

19. Hartsell explained his situation to Dietz.

**ANSWER: Defendants admit that Officer Dietz interviewed Hartsell for classification purposes on December 2, 2019. Defendants are**

**without knowledge to admit or deny the remaining allegations of this**

**paragraph.**

20.     Dietz told Hartsell that she did not think any Aryan Brotherhood

affiliates were housed in the jail.

**ANSWER:   Defendants deny the allegations in this paragraph.**

21.     Hartsell knew this was wrong because he was personally aware of two

Aryan Brotherhood gang members housed in the jail.

**ANSWER:   Defendants are without knowledge to either admit or**

**deny the allegations in this paragraph.**

22.     Hartsell told Dietz about those two gang members.

**ANSWER:   Defendants admit that Hartsell advised Officer Dietz in**

**his classification interview on December 2, 2019, that he had a known**

**enemy in the jail named Tyrone Miller. Defendants deny the remaining**

**allegations in this paragraph.**

23.     Dietz did not appear to check and see if Hartsell was right.

**ANSWER:   Defendants deny the allegations in this paragraph.**

24.     Dietz did not ask Hartsell any follow up questions about his concerns.

**ANSWER:   Defendants deny the allegations in this paragraph.**

25.     Dietz told Hartsell that he should not tell her how to do her job.

**ANSWER:   Defendants deny the allegations in this paragraph.**

26.     Dietz told Hartsell that he did not have to worry because he had not

yet testified.

Defendant's Answer and Affirmative Defenses

*Hartsell v. Dietz, et al*
Case No. 3:20-CV-588
Page 6 of 22

**ANSWER: Defendants deny the allegations in this paragraph.**

27. Dietz assigned Hartsell to housing in general population, alongside members of the Aryan Brotherhood.

**ANSWER: Defendants admit that Hartsell was housed in general population from December 2, 2019 to January 29, 2020. Defendants deny the remaining allegations in this paragraph.**

28. Hartsell was scared.

**ANSWER: Defendants are without knowledge to either admit or deny the allegations in this paragraph.**

29. Hartsell attempted to grieve his classification and housing assignment.

**ANSWER: Defendants admit that, on and after January 30, 2020, Hartsell submitted grievances regarding his housing. Defendants deny the remaining allegations in this paragraph.**

30. He spoke to Sergeant Matthew Myers.

**ANSWER: This allegation sets forth no approximate date or time, and as such, Defendants are without knowledge to either admit or deny the allegations in this paragraph.**

31. He explained his situation and fears to Myers.

**ANSWER: Defendants are without knowledge to either admit or deny the allegations in this paragraph.**

*Hartsell v. Dietz, et al*
Case No. 3:20-CV-588
Page 7 of 22

32.     Myers told him that housing and classification issues were not

grievable.

**ANSWER:   Defendants deny the allegations in this paragraph.**

33.     Myers left Hartsell in general population.

**ANSWER:   Defendants admit that Hartsell was housed in general**

**population from December 2, 2019 to January 29, 2020. Defendants deny**

**the remaining allegations in this paragraph.**

34.     Hartsell was terrified during this time, especially when officers came

to serve him trial subpoenas in full view of the other detainees in his housing unit.

**ANSWER:   Defendants are without knowledge to either admit or**

**deny the allegations in this paragraph.**

35.     Hartsell finally testified against a member of the Aryan Brotherhood

in mid- January in St. Joseph County Superior Court.

**ANSWER:   Defendants admit that on January 14, 2020, Hartsell was**

**transported from the ECCF by the St. Joseph County Sheriff's**

**Department. Defendants are without knowledge to admit or deny the**

**remaining allegations in this paragraph.**

36.     He then returned to the Elkhart County Jail.

**ANSWER:   Defendants admit that Hartsell returned to the ECCF on**

**January 14, 2020.**

37.     As part of being processed back into the jail, Hartsell spoke with Dietz

and classification officer T. Lechlitner about his housing assignment.

**ANSWER: Defendants deny the allegations in this paragraph.**

38.     He again explained that he did not want them to house him with detainees in the same gang as the man he had just testified against.

**ANSWER: Defendants deny the allegations in this paragraph.**

39.     Dietz and Lechlitner ignored his requests and once again housed him in general population.

**ANSWER: Defendants admit that Hartsell was housed in general population from December 2, 2019 to January 29, 2020. Defendants deny the remaining allegations of this paragraph.**

40.     A few days later, several members of the Dirty White Boys, an affiliate gang of the Aryan Brotherhood, attacked Hartsell.

**ANSWER: Defendants admit that Hartsell was involved in an altercation with other inmates on January 29, 2020. Defendants deny the remaining allegations in this paragraph.**

41.     It was the morning and Hartsell had just returned to his cell after picking up commissary purchases.

**ANSWER: Defendants are without knowledge to either admit or deny the allegations in this paragraph.**

42.     Several men followed him into his cell and started getting ready for a fight; taking off their shirts and socks.

**ANSWER:   Defendants admit that Hartsell was involved in an altercation with other inmates on January 29, 2020. Defendants deny the remaining allegations in this paragraph.**

43.   When Hartsell saw this, he hit the emergency call button in his cell.

**ANSWER:   Defendants admit that on January 29, 2020, at approximately 9:30 a.m., Hartsell used the call box in C12. Defendants deny the remaining allegations in this paragraph.**

44.   The call alerted officer John Doe I, but that officer did nothing.

**ANSWER:   Defendants deny the allegations in this paragraph.**

45.   One of the men, locked the group inside the cell.

**ANSWER:   Defendants are without knowledge to either admit or deny the allegations in this paragraph.**

46.   Another, Michael Smith, told Hartsell they knew he had testified against their "brother."

**ANSWER:   Defendants are without knowledge to either admit or deny the allegations in this paragraph.**

47.   The men then attacked.

**ANSWER:   Defendants admit that Hartsell was involved in an altercation with other inmates on January 29, 2020. Defendants are without knowledge to either admit or deny the remaining allegations in this paragraph.**

48.   Hartsell was punched, thrown to the ground, and kicked.

*Defendants' Answer and Affirmative Defenses*
*Hartsell v. Dietz, et al*
Case No. 3:20-CV-588
Page 10 of 22

**ANSWER:   Defendants admit that Hartsell was involved in an altercation with other inmates on January 29, 2020. Defendants are without knowledge to either admit or deny the remaining allegations in this paragraph.**

49.     Hartsell curled up on the floor and stopped moving.

**ANSWER:   Defendants are without knowledge to either admit or deny the allegations in this paragraph.**

50.     His attackers began to move away and he managed to get out and get help.

**ANSWER:   Defendants admit that Hartsell was involved in an altercation with other inmates on January 29, 2020. Defendants are without knowledge to either admit or deny the remaining allegations in this paragraph.**

51.     This was the state of his face a few days later:



**ANSWER:   Defendants are without knowledge to either admit or deny the allegations in this paragraph.**

*Hartsell v. Dietz, et al*
Case No. 3:20-CV-588
Page 11 of 22

52.    Hartsell spent several days in the infirmary recovering.

**ANSWER:   Defendants admit that Hartsell was taken to the medical ward following the altercation on January 29, 2020, and remained there until February 3, 2020.**

**Claims for Relief**

**Count I – Failure to Protect Against Dietz
(Seventh Circuit Civil Pattern Jury Instruction No. 7.16)**

53.    Hartsell realleges all other allegations here.

**ANSWER:   Defendants incorporate by reference their responses to all other allegations of Plaintiff's First Amended Complaint.**

54.    There was a strong likelihood that Aryan Brotherhood affiliates in the Elkhart County Jail would attack Hartsell because he had agreed to and eventually did testify against a member of that gang.

**ANSWER:   Defendants deny the allegations in this paragraph.**

55.    Dietz was aware of this likelihood because, among other reasons, Hartsell told her. She may also have strongly suspected it then refused to confirm whether the risk was there.

**ANSWER:   Defendants deny the allegations in this paragraph.**

56.    Dietz consciously failed to take reasonable measures to prevent the attack on Hartsell because she insisted on housing him with Aryan Brotherhood gang members.

**ANSWER:   Defendants deny the allegations in this paragraph.**

57.    Had Dietz taken reasonable measures to protect Hartsell, he would

not have been attacked.

**ANSWER:   Defendants deny the allegations in this paragraph.**

58.    Dietz was acting under color of law.

**ANSWER:   Defendants deny that Officer Dietz took the actions**

**alleged.**

59.    Because Dietz failed to protect Hartsell within the meaning of 42

U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution,

Hartsell is entitled to compensatory damages, punitive damages, attorneys' fees,

litigation costs, and pre- and post-judgment interest.

**ANSWER: Defendants deny the allegations in this paragraph.**

**Count II – Failure to Protect Against Lechlitner**
**(Seventh Circuit Civil Pattern Jury Instruction No. 7.16)**

60.    Hartsell realleges all other allegations here.

**ANSWER:   Defendants incorporate by reference their responses to**

**all other allegations of Plaintiff's First Amended Complaint.**

61.    There was a strong likelihood that Aryan Brotherhood affiliates in the

Elkhart County Jail would attack Hartsell because he had agreed to and

eventually did testify against a member of that gang.

**ANSWER:   Defendants deny the allegations of this paragraph.**

62.   Lechlitner was aware of this likelihood because, among other reasons, Hartsell told him. He may also have strongly suspected it then refused to confirm whether the risk was there.

**ANSWER:   Defendants deny the allegations of this paragraph.**

63.   Lechlitner consciously failed to take reasonable measures to prevent the attack on Hartsell because he insisted on housing him with Aryan Brotherhood gang members.

**ANSWER:   Defendants deny the allegations of this paragraph.**

64.   Had Lechlitner taken reasonable measures to protect Hartsell, he would not have been attacked.

**ANSWER:   Defendants deny the allegations of this paragraph.**

65.   Lechlitner was acting under color of law.

**ANSWER:   Defendants deny that Officer Lechlitner took the actions alleged.**

66.   Because Lechlitner failed to protect Hartsell within the meaning of 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution, Hartsell is entitled to compensatory damages, punitive damages, attorneys' fees, litigation costs, and pre- and post-judgment interest.

**ANSWER:   Defendants deny the allegations of this paragraph.**

**Count III – Failure to Protect Against Myers
(Seventh Circuit Civil Pattern Jury Instruction No. 7.16)**

Defendants' Answer and Affirmative Defenses
*Hartsell v. Dietz, et al*
Case No. 3:20-CV-588
Page 14 of 22

67.     Hartsell realleges all other allegations here.

**ANSWER:   Defendants incorporate by reference their responses to all other allegations of Plaintiff's First Amended Complaint.**

68.     There was a strong likelihood that Aryan Brotherhood affiliates in the Elkhart County Jail would attack Hartsell because he had agreed to and eventually did testify against a member of that gang.

**ANSWER:   Defendants deny the allegations of this paragraph.**

69.     Myers was aware of this likelihood because, among other reasons, Hartsell told him. He may also have strongly suspected it then refused to confirm whether the risk was there.

**ANSWER:   Defendants deny the allegations of this paragraph.**

70.     Myers consciously failed to take reasonable measures to prevent the attack on Hartsell because he insisted on housing him with Aryan Brotherhood gang members.

**ANSWER:   Defendants deny the allegations of this paragraph.**

71.     Had Myers taken reasonable measures to protect Hartsell, he would not have been attacked.

**ANSWER:   Defendants deny the allegations of this paragraph.**

72.     Myers was acting under color of law.

**ANSWER:   Defendants deny that Officer Myers took the actions alleged.**

73.    Because Myers failed to protect Hartsell within the meaning of 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution, Hartsell is entitled to compensatory damages, punitive damages, attorneys' fees, litigation costs, and pre- and post-judgment interest.

**ANSWER:   Defendants deny the allegations of this paragraph.**

**Count IV – Failure to Protect Against John Doe I
(Seventh Circuit Civil Pattern Jury Instruction No. 7.16)**

74.    Hartsell realleges all other allegations here.

**ANSWER:   Defendants incorporate by reference their responses to all other allegations of Plaintiff's First Amended Complaint.**

75.    There was a strong likelihood that Aryan Brotherhood affiliates in the Elkhart County Jail would attack Hartsell because he had agreed to and eventually did testify against a member of that gang.

**ANSWER:   Defendants deny the allegations of this paragraph.**

76.    Doe was aware of this likelihood because, among other reasons, Hartsell hit the emergency call button in his cell right before the attack. Doe, on information and belief, would have been able to see at least some part of Hartsell's cell or see that the cell door had been closed.

**ANSWER:   Defendants deny the allegations of this paragraph.**

USDC IN/ND case 3:20-cv-00588-MGG document 28 filed 03/15/21 page 16 of 22
*Hartsell v. Dietz, et al*
Case No. 3:20-CV-588
Page 16 of 22

77. Doe consciously failed to take reasonable measures to prevent the attack on Hartsell because he failed to respond to the call button.

**ANSWER:   Defendants deny the allegations of this paragraph.**

78. Had Doe taken reasonable measures to protect Hartsell, he would not have been attacked.

**ANSWER:   Defendants deny the allegations of this paragraph.**

79. Doe was acting under color of law.

**ANSWER:   Defendants deny the allegations of this paragraph.**

80. Because Doe failed to protect Hartsell within the meaning of 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution, Hartsell is entitled to compensatory damages, punitive damages, attorneys' fees, litigation costs, and pre- and post-judgment interest.

**ANSWER:   Defendants deny the allegations of this paragraph.**

**Count V – Failure to Intervene Against Dietz**
**(Seventh Circuit Civil Pattern Jury Instruction No. 7.22)**

81. Lechlitner failed to protect Hartsell when Lechlitner refused to assign Hartsell to safe housing when Hartsell returned to the Elkhart County Jail after testifying.

**ANSWER:   Defendants deny the allegations in this paragraph.**

82. Dietz knew that Lechlitner was about to fail to protect Hartsell because she was there.

*Hartsell v. Dietz, et al*
Case No. 3:20-CV-588
Page 17 of 22

**ANSWER: Defendants deny the allegations in this paragraph.**

83.    Dietz had a realistic opportunity to do something to prevent the later attack on Hartsell.

**ANSWER: Defendants deny the allegations in this paragraph.**

84.    Dietz failed to take reasonable steps to prevent Lechlitner from failing to protect Hartsell.

**ANSWER: Defendants deny the allegations in this paragraph.**

85.    Dietz's failure to take reasonable steps harmed Hartsell in that it caused the later attack.

**ANSWER: Defendants deny the allegations in this paragraph.**

86.    Dietz was acting under color of law.

**ANSWER: Defendants deny that Officer Dietz took the actions alleged.**

### Count VI – Failure to Intervene Against Lechlitner
### (Seventh Circuit Civil Pattern Jury Instruction No. 7.22)

87.    Dietz failed to protect Hartsell when Dietz refused to assign Hartsell to safe housing when Hartsell returned to the Elkhart County Jail after testifying.

**ANSWER: Defendants deny the allegations of this paragraph.**

88.    Lechlitner knew that Dietz was about to fail to protect Hartsell because he was there.

**ANSWER: Defendants deny the allegations of this paragraph.**

Defendants' Answer and Affirmative Defenses
*Hartsell v. Dietz, et al*
Case No. 3:20-CV-588
Page 18 of 22

89.     Lechlitner had a realistic opportunity to do something to prevent the later attack on Hartsell.

**ANSWER:   Defendants deny the allegations of this paragraph.**

90.     Lechlitner failed to take reasonable steps to prevent Dietz from failing to protect Hartsell.

**ANSWER:   Defendants deny the allegations of this paragraph.**

91.     Lechlitner's failure to take reasonable steps harmed Hartsell in that it caused the later attack.

**ANSWER:   Defendants deny the allegations of this paragraph.**

92.     Lechlitner was acting under color of law.

**ANSWER:   Defendants deny that Officer Lechlitner took the actions alleged.**

93.     Hartsell prays for a judgment with the following relief:

a.  Compensatory damages
b.  Punitive damages
c.  Pre- and post-judgment interest
d.  Attorneys' fees and costs
e.  All other relief the Court deems just.

**ANSWER:   Defendants deny the allegations of this paragraph.**

Defendants' Answer and Affirmative Defenses
*Hartsell v. Dietz, et al*
Case No. 3:20-CV-588
Page 19 of 22

WHEREFORE, Defendants request that Plaintiff take nothing by way of his First Amended Complaint, that they be awarded costs of this action, and that they be granted all other relief just and proper in the premises.

## AFFIRMATIVE DEFENSES TO PLAINTIFF'S
## FIRST AMENDED COMPLAINT

1.   Plaintiff's First Amended Complaint fails to state a claim against Defendants upon which relief can be granted.

2.   Plaintiff's damages, if any, must be reduced based on any failure of Plaintiff to mitigate his damages.

3.   Plaintiff's damages, if any, proximately resulted from the contributory negligence chargeable to Plaintiff; as such, Plaintiff is barred from any recovery herein.

4.   Plaintiff is barred from recovering herein since Plaintiff's damages, if any, proximately resulted from Plaintiff voluntarily incurring a known and obvious risk.

5.   Plaintiff's damages, if any, are the result of acts or omissions of other persons over whom Defendants had no authority or control and are not the results of any acts or omissions of Defendants.

6.   Plaintiff's damages, if any, were not proximately caused by any act or omission attributable to Defendants under any theory of liability.

7.   To the extent that Plaintiff is proceeding against Defendants in their individual capacities, Defendants have qualified immunity from suit.

Defendants' Answer and Affirmative Defenses
*Hartsell v. Dietz, et al*
Case No. 3:20-CV-588
Page 20 of 22

Defendants' conduct in regard to Plaintiff did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

8.      At all times relevant to the allegations in Plaintiffs' First Amended Complaint, Defendants acted in good faith.

9.      To the extent Plaintiff's allegations allege violations of Indiana state law, Defendants are immune from liability pursuant to the provisions of the Indiana Tort Claims Act (Ind. Code § 34-13-3) and are immune from individual liability pursuant to the provisions of Ind. Code § 34-13-3-5.

10.     To the extent Plaintiff's allegations allege violations of Indiana state law, Plaintiff failed to adequately and substantially comply with the notice provisions of the Indiana Tort Claims Act pursuant to Ind. Code § 34-13-3-8, and therefore Plaintiff's claims against Defendants are barred.

11.     To the extent Plaintiff's allegations allege violations of Indiana state law, Defendants are immune from liability pursuant to Indiana common law.

12.     Plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a) prior to bringing this action.

13.     Plaintiff's action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, and it must be dismissed pursuant to 42 U.S.C. § 1997e(c).

14.     No attorney fees may be awarded to Plaintiff except as subject to the limitations created by 42 U.S.C. § 1997e(d).

15.     To the extent that any allegations of Plaintiff's First Amended Complaint have not been specifically admitted or denied hereinabove, they are hereby denied.

16.     Defendants may rely upon such other defenses as may become available or apparent during discovery in this case and hereby reserve the right to assert any such defenses.

WHEREFORE, Defendants pray that Plaintiff take nothing by way of his First Amended Complaint, for costs of this action, and for all other relief just and proper in the premises.

YODER, AINLAY, ULMER & BUCKINGHAM, LLP,
Attorneys for Defendants

By: /s/ *Nathaniel M. Jordan*
Michael F. DeBoni, #12434-20
Nathaniel M. Jordan, #23625-20
130 North Main Street
Goshen, Indiana 46526
Telephone:  (574) 533-1171
Email: mdeboni@yaub.com
         njordan@yaub.com

Defendants' Answer and Affirmative Defenses
*Hartsell v. Dietz, et al*
Case No. 3:20-CV-588
Page 22 of 22

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all CM/ECF participants of record in this case.

/s/ *Nathaniel M. Jordan*